1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                   NORTHERN DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| 9   ASHWANI BHAKHRI,<br><br>10                    Plaintiff,<br><br>11         v.<br><br>12   RAY RUIZ,<br><br>13                    Defendant. | Case No.17-cv-00740-JSC<br><br>**ORDER GRANTING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND ORDER TO DEFENDANT TO SHOW CAUSE AS TO WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT** |

14

15        Defendant Ray Ruiz, proceeding pro se and *in forma pauperis*, removed this unlawful

16   detainer action to federal court.  Defendant invokes federal subject matter jurisdiction under 28

17   U.S.C. §§ 1331, 1441(b).  As an initial matter, Mr. Ruiz has filed an application to proceed in

18   forma pauperis, which is GRANTED. (Dkt. No. 2.)  The Court, however, ORDERS Mr. Ruiz to

19   show cause as to why this case should not be remanded to the Alameda County Superior Court for

20   lack of subject matter jurisdiction.

21        A defendant may remove an action from state court to federal court so long as the federal

22   court has original jurisdiction.  28 U.S.C. § 1441(a).  Federal subject matter jurisdiction under 28

23   U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in

24   excess of $75,000.  Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil

25   action to arise under the constitution, laws, or treaties of the United States.  A claim "arises

26   under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal

27   law—"an actual or anticipated defense" does not confer federal jurisdiction.  *Vaden v. Discover*

28   *Bank*, 556 U.S. 49, 60 (2009).  The defendant seeking removal "bears the burden of establishing

United States District Court
Northern District of California

that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Mr. Ruiz bases removal on federal question jurisdiction. However, the removed complaint makes only a state-law claim for unlawful detainer. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *see also U.S. Bank Nat'l Ass'n v. Terrenal*, No. 12–5540, 2013 WL 124355, at *2 (N.D. Cal. Jan. 8, 2013) (finding "no basis for asserting federal claim jurisdiction" where "[t]he complaint asserts only one state law claim for unlawful detainer").

Nor does it appear that the amount in controversy meets the jurisdictional threshold of $75,000.00 for diversity jurisdiction. 28 U.S.C. §§ 1441(b) & 1332(a); *see also* Dkt. No. 1 at 6 (stating that the amount at issue is less than $25,000). Further, only non-resident defendants can effect removal based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b); *Spencer v. U.S. Dist. Ct. for Northern Dist. (Altec Indus., Inc.)*, 393 F.3d 86, 87 (9th Cir. 2004). Once any "local defendant (a citizen of the forum state) has been served, the action cannot be removed by that defendant, or by any other defendant." *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) (internal quotation marks omitted). Here, the civil cover sheet alleges that Mr. Ruiz resides in Alameda County and is therefore a citizen of California. (Dkt. No. 1-1 at 1.) As Mr. Ruiz is a "local" defendant, removal is improper on this basis as well.

In light of the foregoing, the Court ORDERS the Mr. Ruiz to SHOW CAUSE as to why this action should not be remanded to state court. Mr. Ruiz shall respond to this Order in writing by **March 10, 2017**. Failure to respond may result in remand of this case to Alameda County Superior Court.

United States District Court
Northern District of California

2

**IT IS SO ORDERED.**

Dated:  February 17, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California